IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RENFRO, | § | |
| TDCJ ID No. 1460317, | § | |
|     *Plaintiff*, | § | |
| | § | CIVIL ACTION No. 6:16-cv-1228 |
| v. | § | |
| | § | |
| MATT BINGHAM, et al., | § | |
|     *Defendants*. | § | |

## ATTORNEY GENERAL'S ADVISORY TO THE COURT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

**I.      Introductory Summary**

The following has come to the attention of the Texas Attorney General and is the subject of this ADVISORY:

On February 15, 2017, the 7th Judicial District Court Coordinator Terry Cockrum signed a green return receipt card to receive mail addressed to Judge Kerry L. Russell for the District Court's judicial business. Ms. Cockrum is authorized to receive general correspondence on behalf of the 7th Judicial District Court. Ms. Cockrum was not aware she was accepting mail intended to constitute official service of process. Judge Russell has never authorized Terry Cockrum or anyone else, to act as her service agent or to accept service of process in her behalf. Inside the envelope that Ms. Cockrum signed for was a summons, not accompanied by the Complaint. Fed. R. Civ. Proc. Rule 4(c) requires that "A summons must be served with a copy of the complaint."

**II.     Service of Complaint and Summons is Defective as to Judge Kerry L. Russell.**

Judge Russell has not been personally served with a complaint or summons nor has she authorized any employee of Smith County to act as her service agent for the purpose of accepting service of process.

Fed. R. Civ. Proc. 4(e)(2)(A) requires that the defendant be personally served with a summons and complaint by "(A) delivering a copy of the summons and of the complaint to the individual personally". Service in accordance with state law is also permitted pursuant to Fed. R. Civ. Proc. 4(e)(1). Texas law allows for service by certified mail but requires that the addressee sign the return receipt:

> RULE 107. RETURN OF SERVICE
>
> (c) When the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature.

Because Judge Russell has not been served with a summons or complaint in this case and has not waived service, the defective attempt to serve a summons unaccompanied by a Complaint does not comply with Rule 4(c) or (e)(2)(A).

### III. The Complaint in this case is not ripe for service as it fails to comply with Doc. 3, this Court's Order dated October 24, 2016.

On October 24, 2016, in Doc. 3, this Court found that the Complaint in this case (D.E. 1) failed to state a claim and ordered Plaintiff to amend it because it consisted of one word, "Jurisdiction" and because

> …the sole relief requested is 'discharge case,' but Renfro does not state what case he wants discharged or whether he has sought habeas corpus relief with regard to such case.

D.E. 3, page 1.

Renfro was given 30 days from October 24, 2016 to amend his complaint-November 24, 2016-after which, the Court warned, it was subject to dismissal. D.E. 3, page 2.

The pacer in this case shows that on the date summons was issued as to Judge Russell, February 8, 2017, Renfro had not filed an amended complaint. This is more than 2 months past

the November 24, 2016 deadline to file an amended complaint directed by the Court, which warned Renfro on October 24, 2016 that failure to do so may subject his suit to dismissal.

## IV. Conclusion

Because the Complaint fails to state a claim, because Renfro failed to comply with an order of this Court although given adequate opportunity to do so, and due to defective service and judicial immunity, dismissal of this suit is warranted prior to service of process in this case.

> This immunity applies even when the judge is accused of acting maliciously and corruptly . . . . His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption.
>
> *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218 (1967)

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

LACEY E. MASE
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Demetri Anastasiadis
DEMETRI ANASTASIADIS
Assistant Attorney General
Attorney-In-Charge
Texas State Bar No. 01164480
Demetri.Anastasiadis@oag.texas.gov

Law Enforcement Defense Division
Office of the Attorney General of Texas
P. O. Box 12548, Capitol Station
Austin, TX 78711-2548
(512) 463-2080 / (512) 936-2109 Fax

*AMICUS CURIAE*

## NOTICE OF ELECTRONIC FILING

I, DEMETRI ANASTASIADIS, Assistant Attorney General of Texas, certify that I have electronically submitted the above for filing, in accordance with Electronic Case Files system of the United States District Court of the Eastern District of Texas, on the 22nd day of February, 2017.

/s/ Demetri Anastasiadis
DEMETRI ANASTASIADIS
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, DEMETRI ANASTASIADIS, Assistant Attorney General of Texas, do hereby certify that a copy of the above and foregoing **Attorney General's Advisory to the Court** has been served by U.S. Mail, first-class, postage pre-paid on this 22nd day of February, 2017, addressed to:

Christopher L. Renfro
TDCJ-CID No. 01460317
Jim Ferguson Unit
12120 Savage Drive
Midway, TX 75852-3654
Appearing Pro se

/s/ Demetri Anastasiadis
DEMETRI ANASTASIADIS
Assistant Attorney General