IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RENFRO #1460317 | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1228 |
| MATT BINGHAM, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION<br>OF THE UNITED STATES MAGISTRATE JUDGE<br>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Christopher Renfro, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit complaining of alleged deprivations of his constitutional rights with regard to the legality of his confinement. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Smith County District Attorney Matt Bingham, Assistant District Attorney Peter Keim, and Judge Kerry Russell.

**I. Background**

Renfro's original complaint consisted of the single word "jurisdiction." This complaint also included a number of exhibits revolving around a "conditional acceptance for value" setting out the notion that as a "natural man," Renfro is not bound by the Constitution or laws of the United States or the State of Texas.

The Magistrate Judge ordered Renfro to file an amended complaint, and this amended complaint reads "Notice. Jurisdiction question under 28 U.S.C. §1331. Non-full disclosure of using he corporate fiction. Tour [sic] want to discharge the case that he's serving time for, the habeas means nothing at this time."

Bingham and Keim filed a motion to dismiss for failure to state a claim upon which relief may be granted, to which Renfro did not file a response. Court records show that Renfro was convicted of four counts of aggravated robbery in September of 2007 and has not filed a direct appeal or sought habeas corpus relief in state or federal court.

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending the lawsuit be dismissed as frivolous and for failure to state a claim upon which relief may be granted. The Magistrate Judge determined that Renfro's complaint challenged the legality of his conviction, which is not properly done through a §1983 lawsuit. Instead, the exclusive means for challenging the legality of a conviction is through habeas corpus. Thus, the Magistrate Judge that Renfro''s civil rights lawsuit challenging the legality of his conviction lacked any arguable basis in law and failed to state a claim upon which relief may be granted. The Magistrate Judge also concluded that Renfro's "conditional acceptance for value" was a document of his own creation which had no legal significance or effect and that Renfro's contention that he was not subject to state or federal law was patently frivolous.

## III. The Plaintiff's Objections

Renfro received a copy of the Magistrate Judge's Report on or before June 23, 2017. In response, Renfro filed a document on July 5, 2017 which he styled as a "notice of appeal," expressing intent to appeal the "order dismissing the complaint." At the time he filed this document, no order dismissing the complaint had yet been entered, and Reports and Recommendations of the Magistrate Judge are not appealable. *Trufant v. Autocon, Inc.*, 729 F.2d 308, 309 (5th Cir. 1984). Because the Report is not appealable, Renfro's purported notice of appeal is properly construed as objections to the Magistrate Judge's Report. *Cooper v. Baucum*, 273 F.App'x 396, 2008 U.S. App. LEXIS 7810, 2008 WL 1743941 (5th Cir., April 11, 2008), *citing Donaldson v. Ducote*, 373 F.3d 622, 624 (5th Cir. 2004).

Renfro's objections do not contain any specific reasons or arguments directed to the Magistrate Judge's Report or any proposed findings or recommendations contained therein. A review of the pleadings and the Report of the Magistrate Judge demonstrates that this Report is correct. The objections filed July 5, 2017 are without merit, and no other objections or responses to the Magistrate Judge's Report have been filed.

**IV. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the motion to dismiss of the Defendants Matt Bingham and Peter Keim (docket no. 13) is **GRANTED** and the claims against these Defendants are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that the Plaintiff's claims against Judge Kerry Russell are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **28** day of **July, 2017.**

_____
Ron Clark, United States District Judge